**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-533-RJC**

| | |
|---|---|
| **GREGORY EUGENE NICHOLSON,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **DENNIS MARSHALL, Assistant Unit Manager,** ) <br> **Lanesboro Correctional Institution, et al.,** ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court upon Defendants' Motion for Protective Order, (Doc. No. 17), and Plaintiff's Motion for an Order Compelling Discovery, (Doc. No. 19).

On October 22, 2010, Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging that Defendants Mills and Williams used excessive force against him, and that Defendants Marshall and Parsons are subject to supervisory liability for their failure to take any action on his post-assault complaints about Mills' and Williams' conduct. (Doc. No. 1 at 3-8). On October 29, 2010, Plaintiff amended his Complaint to include an allegation that Defendants committed these violations under color of law. (Doc. No. 6).

On December 2, 2010, Defendants filed an Answer in opposition to Plaintiff's Complaint setting forth several standard defenses, including the defense of qualified immunity. (Doc. No. 13 at 4). Plaintiff served Defendants with discovery requests on January 3, 2011. See (Doc. Nos. 16; 17-1; 17-2; 17-3). On January 24, 2011, Defendants filed a Motion for Protective Order forbidding the disclosure of discovery until the Court resolves their qualified immunity defense. (Doc. No. 17); see also FED. R. CIV. P. 26(c)(1)(A).

The issue of qualified immunity should be resolved at "the earliest possible stage in litigation." Pearson v. Callahan, 555 U.S. 223, 232 (2009). Thus, the Supreme Court said that "until the threshold immunity question is resolved, discovery should not be allowed." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). However, Defendants have not yet filed a motion to dismiss or for summary judgment on the basis of qualified immunity or any other defense. Therefore, the Court will deny Defendants' Motion for Protective Order, (Doc. No. 17), as premature.

Plaintiff filed a Motion to Compel Defendants to engage in discovery with him. (Doc. No. 19). However, Defendants acted reasonably in waiting for the Court to resolve their Motion for Protective Order before responding to Plaintiff's discovery requests. See FED. R. CIV. P. 26(c) (allowing such motions). Therefore, the Court finds that Defendants have not failed to answer Plaintiff's interrogatories as contemplated by Federal Rule of Civil Procedure 37(a)(3)(iii). Plaintiff's Motion for an Order Compelling Discovery, (Doc. No. 19), is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion for Protective Order, (Doc. No. 17), is **DENIED**; and
2. Plaintiff's Motion for an Order Compelling Discovery, (Doc. No. 19), is **DENIED**.

Signed: September 21, 2011

Robert J. Conrad, Jr.
Chief United States District Judge